CYRUS TAFT, Collector, *vs.* SARAH BALLOU.

PROVIDENCE—JULY 18, 1901.

PRESENT : Stiness, C. J., Rogers and Blodgett, JJ.

(1)  *Taxes.*

The provision of Gen. Laws cap. 46, § 6, that before assessing a tax the assessors shall post up printed notices of the time and place of their meeting in three public places in the town for three weeks next preceding the time of their meeting, is mandatory ; hence in an action by a collector to recover a tax assessed against personal property the burden is upon the plaintiff to prove compliance with the statute by positive evidence.

(2)  *Taxes.*

Where a person has been taxed twice in the assessment-roll for personal property, once as the widow of X. and once under her own name, and it appears that the assessment against her as a widow was intended as a full tax, and the former tax has been paid, in an action against her to recover the tax assessed individually, the court, after judgment for the collector, in granting a new trial because of a failure to prove compliance with the statute relative to notice, will order judgment to be entered for the defendant, as the payment of the former tax is a complete defence to the collection of the tax in suit.

ASSUMPSIT.  The facts are stated in the opinion.  Heard on petition of defendant for new trial.  Judgment for defendant.

STINESS, C. J.  The plaintiff brings this action to collect a tax assessed upon personal property against the defendant by the town of Cumberland, for the year 1896.

(1)  The defendant petitions for a new trial.

One ground alleged is the failure of the testimony to show that the tax was legally assessed.  Gen. Laws cap. 46, § 6, provides that before assessing any tax the assessors shall post up printed notices of the time and place of their meet-

ing, in three public places in the town, for three weeks next preceding the time of their meeting.

No proof of the posting of the notices was offered, but the plaintiff testified that he saw notices, but would not swear that he saw more than two, and he did not state that these were in public places, and he did not read them. In *McTwiggan* v. *Hunter*, 18 R. I. 776, this court said : "Proceedings for the assessment of a tax are *quasi* judicial. Hence notice is essential to give validity to an assessment, and the statutory requirement as to notice is to be regarded as mandatory." Cooley on Taxation, 2d ed. 363.

If mandatory, there must be proof of compliance in order to establish the validity of a tax in a suit to enforce it, because it is a provision for the benefit of the tax-payer.

The trial judge charged the jury that the plaintiff must prove the posting of notices according to the statute. There being no proof of posting printed notices in three public places in the town, the verdict is clearly against the evidence on this point.

The plaintiff claims that the jury was warranted in finding for the plaintiff, under the rule in some cases that a tax will be presumed to be legally assessed until the contrary is affirmatively shown. The classes of cases to which the rule applies are those where the legality of a tax arises collaterally, as upon a tax deed, in which case the party who impeaches the deed must show in what respect it is invalid, and those cases which involve some incidental action of the assessors not vital to the tax. It would be quite unreasonable to require the defendant in this action to prove the negative fact that notices were not posted, because it would require testimony that every public place in the town was visited and that three notices had not been posted.

In *Wood* v. *Quimby*, 20 R. I. 482, the assessors gave notice of their meeting, but they did not notify parties to bring in their accounts of ratable estate. The notice was held to be fatally defective in this respect. For a stronger reason would there have been a fatal defect if the notices had not been posted. A fatal defect in regard to compliance with a

statute cannot be cured by an inference of a jury, based upon a mere presumption that officers have done their duty, where (2) that fact is the basis of an action. Upon this point the defendant would be entitled to a new trial; but Gen. Laws cap. 251, § 11, provides that upon the consideration of a petition for a new trial, the court, after deciding all the questions raised by the petition, shall remit the cause with such directions as to the entry of judgment as to law and justice shall appertain.

It appears in this case that the defendant is the widow of Isaac C. Ballou of Cumberland, and that she is the sole beneficiary under his will.

In the assessment-roll was this entry: "Ballou, Isaac, deceased, estate and widow, personal valuation $10,000, personal tax $100, total tax $100."

That tax has been paid.

It thus appears that the defendant has been taxed twice in the assessment-roll for personal property. It does not appear that these taxes were for separate or distinct personal property. On the contrary, the appraisers' return of the personal estate of Isaac C. Ballou is only $2,499.78; and the amount of the defendant's personal property in July, 1896, $5,300. The sum of $10,000 taxed to the estate and widow is more than both of these sums put together. Hence it appears that the assessment against the estate and widow of a lump sum of $10,000 was intended to be and was a full tax of both estates. Having paid it, the plaintiff cannot collect a second tax for the same property. It is claimed that as the particular tax in question is assessed against her as Sarah C. Ballou, it cannot be regarded as the tax against the widow of Isaac C. Ballou. This claim cannot stand in view of the fact that the defendant is the same person who is taxed in both cases. The payment of the larger tax is therefore a complete defence to the collection of the tax in suit. For this reason the case is remitted to the Common Pleas Division with direction to enter judgment for the defendant.

*James F. Murphy*, for plaintiff.

*Walter H. Barney*, for defendant.